**AFFIRM; Opinion Filed December 10, 2020**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-01548-CV

**PURE GEN HOLDINGS, INC., Appellant**

**V.**

**NEORA, LLC, Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-10205**

## MEMORANDUM OPINION

Before Justices Whitehill, Schenck, and Browning
Opinion by Justice Schenck

PURE Gen Holdings, Inc. appeals the trial court's denial of its motion to dismiss appellee Neora, LLC's claim under the Texas Citizens Participation Act ("TCPA"), an Anti-SLAPP statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011.[1] We affirm the trial court's order. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

---

[1] The Texas Legislature amended the TCPA effective September 1, 2019. Those amendments apply to "an action filed on or after" that date. Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Sess. Law Serv. 684, 687. Because this lawsuit was filed before September 1, 2019, the law in effect before September 1 applies. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961–64, amended by Act of May 24, 2013, 83d Leg., R.S., ch. 1042, 2013 Tex. Gen. Laws 2499–2500. All citations to the TCPA are to the version before the 2019 amendments took effect.

## BACKGROUND

Neora and PURE are competitors in the direct-sales industry. Neora filed suit against PURE, alleging PURE targeted Neora's distributors to join PURE and to breach their non-solicitation agreements with Neora by recruiting more distributors. PURE filed a motion to dismiss Neora's claim, asserting the claim was based on, related to, or in response to PURE's right of free speech and association with Neora's distributors. Neora requested and was denied limited discovery under the TCPA. Neora filed a response, and the trial court conducted a hearing on PURE's motion. After considering the motion, response, evidence, pleadings on file, and arguments of counsel, the trial court signed an order denying PURE's motion to dismiss without specifying any basis for its decision. This appeal followed.

## THE TCPA AND STANDARD OF REVIEW

The TCPA, Chapter 27 of the civil practice and remedies code, protects citizens from retaliatory lawsuits that seek to silence or intimidate them for exercising their rights in connection with matters of public concern. *In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015) (orig. proceeding); *see generally* CIV. PRAC. & REM. §§ 27.001–.011. The TCPA's purpose is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits. *In re Lipsky*, 460 S.W.3d at 589; *see also* CIV. PRAC. & REM. § 27.002. To accomplish its purpose, the TCPA endorses a summary process, requiring judicial review of the pleadings and limited evidence. *See In re Lipsky*, 460 S.W.3d at 589.

The defendant-movant has the initial burden to show by a preponderance of the evidence that the case is based on, relates to, or is in response to the party's exercise of the right of free speech, to petition, or of association. CIV. PRAC. & REM. §§ 27.003, 27.005(b). If the motion satisfies this burden, then the burden shifts to the plaintiff to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* §§ 27.005(b), (c).

We review de novo the trial court's determinations that the parties met or failed to meet their respective burdens under section 27.005. *Id.* In conducting this review, we consider, in the light most favorable to the non-movant, the pleadings and any supporting and opposing affidavits and other evidence stating the facts on which the claim or defense is based. *See Fishman v. C.O.D. Capital Corp.*, No. 05-16-00581-CV, 2017 WL 3033314, at *5 (Tex. App.—Dallas July 18, 2017, no pet.) (mem. op.); *see also* CIV. PRAC. & REM. § 27.006(a). However, the plaintiffs' pleadings are generally "the best and all-sufficient evidence of the nature of the action." *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017).

## ANALYSIS

In its first two issues, PURE contends the trial court erred by denying its motion to dismiss Neora's claim because it was based on, related to, or in response to PURE's exercise of its rights to free speech and association. Neora's pleadings allege tortious interference with the contractual relationships between PURE and Neora's distributors. Accordingly, we will address whether Neora's claims are

based on, related to, or in response to PURE's exercise of its rights to free speech or association.[2]

## I.     Freedom of Speech

As the movant to dismiss under the TCPA, PURE was required to show by a preponderance of the evidence that Neora's legal action "is based on, relates to, or is in response to" PURE's exercise of the right of free speech or right of association. *See* CIV. PRAC. & REM. § 27.005(b).   Each of these protected rights requires a "communication" as defined by the TCPA.  *Id.* § 27.001(2)–(4).  For purposes of the exercise of free speech, the communication must be made in connection with a "matter of public concern."  *Id.* § 27.001(3).  A "matter of public concern" includes an issue related to health or safety; environmental, economic, or community well-being; the government, a public official or public figure; or a good, product, or service in the marketplace.  *Id.* § 27.001(7).  However, not every communication bearing some conceptual or tangential relation to one of the broad categories set out in section 27.001(7) necessarily regards a matter of public concern. *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 137 (Tex. 2019).  Rather, we ask whether the alleged communication actually relates to the relevant public interest to which it is said to relate.  *See id.* at 136–37.

---

[2] PURE does not argue its rights to petition were implicated by Neora's claims.

PURE argues Neora's claim is related to PURE's communications "in connection with issues related to economic well-being, including potential employment opportunities, and issues related to goods and products in the marketplace, specifically PURE's skincare and anti-aging products." The allegations PURE identified in its motion as key are as follows:

- PURE "invited Neora Brand Partners to tour [Nerium] Biotech's farm in Texas."[3]

- "Neora Brand Partners received targeted Facebook ads for PURE'S 'prelaunch.'"

- "PURE recruited an assortment of failed distributors [who are] hounding Neora's Brand Partners to join PURE."

- "PURE has targeted Neora's Brand Partners to join PURE and then encouraged them to breach their non-solicitation agreements by recruiting more Brand Partners."

Here, although there may be speech related to a good or product in the marketplace, none has to do with the gravamen of the dispute. *See Creative Oil & Gas, LLC*, 591 S.W.3d at 137 ("A private contract dispute affecting only the fortunes of the private parties involved is simply not a 'matter of public concern' under any tenable understanding of those words."). From the foregoing and from our review of the pleadings and affidavits, it is clear the dispute is one of commercial competition. Viewing the pleadings and evidence in the light most favorable to the

---

[3] In its amended petition, Neora refers to its independent distributors as "Brand Partners."

non-movant, as we must, we cannot conclude the alleged communications here were made in connection with a "matter of public concern."

Accordingly, we conclude appellant failed to establish by a preponderance of the evidence that appellee's claims are based on, related to, or in response to appellant's exercise of a right of free speech as defined by the TCPA.

## II.    Right of Association

PURE also contends Neora's lawsuit is based on, related to, or in response to PURE's exercise of its right of association.  The TCPA broadly defines the "exercise of the right of association" as "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." *See* CIV. PRAC. & REM.  § 27.001(2). The nature of the communication must involve public or citizen's participation.  *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 426 (Tex. App.—Dallas 2019, pet. denied); *see also Staff Care, Inc. v. Eskridge Enters., LLC*, No. 05-18-00732-CV, 2019 WL2121116, at *1 (Tex. App.—Dallas May 14, 2019, pet. denied) (mem. op.).

PURE urges *Dyer* and *Staff Care* are inapposite because those cases involved alleged private communications, whereas "Neora's claim is based on PURE's alleged attempts ***by publication*** to induce Brand Partners to violate their agreements and rests entirely on purported ***public*** communications and marketing materials" including advertisements, postings on social media, and videos on YouTube. (emphasis in original).  PURE further argues the alleged communications here are

similar to those alleged in prior opinions in which this Court held individuals have the right to associate with each other on social media, particularly when it involves a common interest. *See Backes v. Misko*, 486 S.W.3d 7, 20–21 (Tex. App.—Dallas 2015, pet. denied); *see also Apple Tree Cafe Touring, Inc. v. Levatino*, No. 05-16-01380-CV, 2017 WL 3304641, at *3 (Tex. App.—Dallas Aug. 3, 2017, pet. denied) (mem. op.).

Neora's petition alleges a claim of tortious interference with contracts. The alleged PURE communications are as follows:

- "PURE . . . invited Neora Brand Partners to tour . . . ."

- "These personal recruitment tours resulted in social-media posts showing Brand Partners with the CEOs of PURE and Biotech."

- "In addition, Neora Brand Partners received targeted Facebook ads for PURE's 'prelaunch.'"

- "In addition, PURE recruited an assortment of former failed distributors . . . ."

- The "Facebook page [of one of the former failed distributors] is a near-constant barrage of PURE solicitations . . . ."

The record, however, contains no evidence that, when viewed in the light most favorable to Neora, these alleged communications necessarily involved public or citizen's participation. *See, e.g.*, *Amend v. J.C. Penney Corp., Inc.*, No. 05-19-00723-CV, 2020 WL 1528497, at *4 (Tex. App.—Dallas Mar. 31, 2020, pet. denied) (mem. op.). Neora is not challenging the alleged social-media posts are wrongful

communications so much as alleging they are evidence that other, tortious communications occurred.

Further, we conclude the alleged "targeted Facebook ads" and "Facebook page . . . solicitations" are distinguishable from the facts of opinions where the non-movants alleged "communications between individuals who join together to collectively express, promote, pursue or defend common interests." *See Levatino*, 2017 WL 3304641, at \*3 (holding TCPA applied to musician's social media posts about her former employee because her fans shared a common interest in her "career and artistic endeavors"); *Backes*, 486 S.W.3d at 20–21 ("The background of this case involves three women who are competitors in the quarter horse breeding business, who used social media to interact with other horse enthusiasts about horse-related issues.").

Accordingly, we conclude PURE failed to establish by a preponderance of the evidence that Neora's claim is based on, related to, or in response to PURE's exercise of a right of association as defined by the TCPA.

## CONCLUSION

We affirm the trial court's order denying PURE's motion to dismiss pursuant

to the TCPA.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

191548F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

PURE GEN HOLDINGS, INC., Appellant

No. 05-19-01548-CV     V.

NEORA, LLC, Appellee

On Appeal from the 160th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-19-10205. Opinion delivered by Justice Schenck. Justices Whitehill and Browning participating.

In accordance with this Court's opinion of this date, the November 21, 2019 order of the trial court denying PURE GEN HOLDINGS, INC.'s motion to dismiss pursuant to the TCPA is **AFFIRMED**.

It is **ORDERED** that appellee NEORA, LLC recover its costs of this appeal from appellant PURE GEN HOLDINGS, INC.

Judgment entered this 10th day of December, 2020.